UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:21-cr-204-CEH-SPF

JUSTIN KELLY

**ORDER**

This matter comes before the Court on the United States' Motions *in Limine* (Doc. 89), Defendant's response (Doc. 102), Defendant's Motion *in Limine* to Redact Prior Felony Convictions "1, 2, and 3" from Count Eight and the Section "Previous Criminal Convictions" from Indictment Shown to Jury (Doc. 101), and the Government's response (Doc. 112). A hearing on the motions was held October 13, 2022. The Court, having considered the motions, heard argument of counsel, and being otherwise advised in the premises, will grant-in-part and deny-in-part the Government's motion and grant-in-part and defer-in-part as to Defendant's motion.

**DISCUSSION**

Defendant Justin Kelly is charged in six counts in the superseding indictment. Doc. 21. In Counts One and Two, Defendants Kelly and Steven Charles Kinney ("Kinney") were charged with conspiracy and substantive distribution of fentanyl, the use of which resulted in the death of E.L. Doc. 21. The Government contends that Kinney bought the fatal dose of fentanyl from Defendant Kelly and sold it to E.L., whose cause of death was ruled as fentanyl toxicity. The medical examiner did not

conduct an autopsy of E.L.'s internal organs. Defendant Kelly retained a forensic toxicologist who is expected to testify at trial. The Government intends to call as witnesses the medical examiner who ruled on the cause of death and the Chairman of Florida's Medical Examiners Commission. It is anticipated that the issue of causation will be a major focus of the trial. Doc. 89.

In its motions *in limine*, the Government seeks to limit and exclude testimony and evidence regarding E.L.'s criminal history, any reference to the Proud Boys gang, any prior drug abuse history of E.L., and any reference to the penalties Defendant Kelly is facing if convicted. Doc. 89. Defendant Kelly filed a response in opposition arguing that E.L.'s prior drug use has relevance to the facts in this case, including to the expert's opinions. Defendant further responds that it has no intention of eliciting testimony regarding E.L.'s association with the Proud Boys, but he does not want to be precluded from inquiring about such in the event the Government's witnesses open the door. As to evidence of other crimes, Defendant submits such information may be relevant for other purposes including E.L.'s ability to obtain access to fentanyl from another source. Regarding the penalties for the crimes charged, Defendant argues that inquiry on these issues is relevant as it relates to the penalties facing the codefendant Kinney who entered into a plea deal.

As discussed more fully at the hearing, the Government's motion is due to be granted-in-part and denied-in-part. The Government's motion *in limine* is granted and no testimony or evidence will be permitted as substantive evidence regarding victim E.L.'s criminal history, E.L.'s state of mind, and his potential link to the Proud Boys.

2

As it relates to the use of evidence regarding E.L.'s prior drug use and overdose, the Court agrees with defense counsel that that evidence may be relevant. Thus, the motion will be denied as to E.L.'s prior drug use and overdose. Regarding testimony about penalties for the crimes charged, the motion is denied to the extent it relates to the codefendant Kinney, but the motion *in limine* is granted as to Defendant Kelly. Specifically, any penalty that Defendant Kelly might be facing by virtue of the charges against him is not evidence that the jury should be made aware of. However, because the codefendant has entered into a plea agreement and is cooperating with the Government, any questioning of the codefendant regarding penalties he is facing would be an appropriate line of inquiry and will be permitted.

Defendant Kelly seeks an order *in limine* redacting from the superseding indictment, before it is shown to the jury, the prior felony convictions "1, 2, and 3" from Count Eight in which he is charged with being a felon in possession of a firearm and from the section titled "Previous Criminal Convictions." Doc. 101. Kelly submits that if he stipulates to the prior felony it would be unnecessary for the Government to introduce evidence at trial regarding that element of the crime. Acknowledging that it is not necessary that a charge of possession of a firearm by a convicted felon be severed from other charges because of the necessity of proof of the predicate felony, the Defendant requests any possible prejudice be cured by a cautionary instruction to the jury that they are not to consider the stipulation as substantive evidence of Kelly's guilt on the possession elements of Count Eight and it should not influence their decision on any other count. *Id.* at 2. In response, the Government represents it will not

3

introduce evidence regarding Kelly's prior felony convictions if he stipulates to having a prior felony conviction. Similarly, given that stipulation, the Government has no objection to redacting the reference to the prior felony convictions from the superseding indictment. Doc. 112 at 1. As it relates to Defendant's request for a cautionary instruction, the Government submits the request is premature.

Given the Defendant's stipulation as to a prior felony, the Court will grant the Defendant's motion *in limine* and the prior felony convictions will be redacted from Count Eight of the superseding indictment and the criminal convictions section. Regarding Defendant's request for a cautionary instruction, the Court defers ruling until the charge conference after the parties and the Court have had the opportunity to see what testimony and evidence has been presented to the jury. Accordingly, it is

**ORDERED:**

1. The Government's Motions *in Limine* (Doc. 89) are **grant-in-part** and **denied-in-part** as set forth herein.

2. Defendant's Motion *in Limine* to Redact Prior Felony Convictions "1, 2, and 3" from Count Eight and the Section "Previous Criminal Convictions" from Indictment Shown to Jury (Doc. 101) is **granted-in-part** and **deferred-in-part** as set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on November 2, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any